**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**VICTOR L. WORRELL**

**VS.**                                                                                          **CIVIL ACTION NO. 3:13cv881-KS-MTP**

**CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY**

**ORDER ACCEPTING MAGISTRATE JUDGE'S
RECOMMENDATION**

This cause is before the Court on Commissioner's's Motion to Affirm [10], Report and Recommendation by Magistrate Judge Michael T. Parker [14], Objection to Report and Recommendation [15] filed by Victor Worrell, Reply thereto filed by Commissioner Colvin [16], and the Court considering the pleadings, the record, and said documents, does hereby find as follows:

**I. PROCEDURAL HISTORY**

On September 27, 2011, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability as of August 15, 2009, due to mental impairment. (Administrative Record [8] at 55-56, 170-77.)[1]  Plaintiff's claim was denied initially and upon reconsideration. ([8] at 25-26, 178-79.)  Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On February 25, 2013, a hearing was convened before ALJ Willie L. Rose.  The ALJ heard testimony from Plaintiff and Bruce Braumer, a vocational expert ("VE"). ([8] at 190-202.)

---

[1] For ease of reference and pursuant to the Court's Order [3] directing filing of briefs , the administrative record is cited to herein by reference to the Court's docket number and docket page number in the federal court record (not the Administrative Record page number).

1

On April 3, 2013, the ALJ issued a finding that Plaintiff was not disabled. ([8] at 16-24.) Plaintiff appealed this decision and submitted additional evidence to the Appeals Council. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. ([8] at 7-11.)

On December 2, 2013, Plaintiff filed a Complaint in this Court, seeking an order reversing the Commissioner's final decision and directing the Commissioner to award benefits to Plaintiff. (Complaint [1].) The Commissioner answered the Complaint, denying that Plaintiff is entitled to any relief. (Answer [7].) The parties have briefed the issues in dispute, and this matter is now ripe for decision.

## II.  ADMINISTRATIVE LAW JUDGE'S REVIEW

Plaintiff was fifty-two years old at the time of the hearing before the ALJ. ([8] at 193.) He completed the third grade and attended special education classes. ([8] at 109-10.) Plaintiff's past work history includes employment as a security guard, maintenance man, construction laborer, tact welder, grass cutter, ditch digger, forklift operator, carpet cutter and loader, and janitor. ([8] at 89-96, 110.) Plaintiff worked for over thirty years and was employed at Vicksburg Chemical for approximately twenty years. ([8] at 148.) At the time Plaintiff applied for benefits, he stated that his ability to work is limited because "I cannot read at all, and cannot think clearly." ([8] at 109.)

After applying for disability benefits, Plaintiff was referred to Dr. Joseph Dunn for a psychological evaluation. During the evaluation, Plaintiff reported no history of psychiatric hospitalization, substance abuse, or out-patient mental health treatment. Plaintiff stated that he can dress and groom himself and perform household chores. Plaintiff stated that he has a drivers

license and is able to drive.  Plaintiff also stated that he pays some of the household bills and is able to dial the phone, but is unable to use a phone directory.  He identified his favorite activities as photography and carpentry.  Plaintiff described his mood as depressed as a result of being unemployed.  Plaintiff reported that he is seeking employment but has not been able to find a job. ([8] at 148-50.)

Dr. Dunn administered the WAIS-IV intelligence test, and Plaintiff received a Full Scale I.Q. of 65, Verbal Comprehension score of 66, Perceptual Reasoning score of 79, Working Memory score of 71, and Processing Speed score of 62.  However, Dr. Dunn indicated that the results appeared to be a "slightly low estimate" of Plaintiff's level of functioning.  Dr. Dunn concluded that Plaintiff has a learning disorder and suffers from "[m]ild mental retardation versus borderline intellectual functioning." ([8] at 148-50.)

### III.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments

contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## IV.  PETITIONER'S OBJECTIONS AND ANALYSIS

The Plaintiff makes three objections to the Report and Recommendation of Magistrate Judge Michael T. Parker.  These objections are as follows:

**OBJECTION NO. I:**

**Mr. Worrell respectfully objects to the Magistrate's determination that the Appeals Council properly considered the additional evidence submitted to it in support of Mr. Worrell's request for review.**

**OBJECTION NO. II:**

**Mr. Worrell respectfully objects to the Magistrate's determination that the ALJ and the Appeals Council did not err in failing to find Mr. Worrell disabled pursuant to Listing 12.05B, 12.05 C, and/or 12.05 D.**

**OBJECTION NO. III:**

**Mr. Worrell respectfully objects to the Magistrate's determination that the ALJ properly assessed Mr. Worrell's residual functional capacity and, consequently, properly found him capable of returning to his past work as a construction worker and janitor.**

The Court will address the objections in the order submitted.

**OBJECTION NO. I:**

**Mr. Worrell respectfully objects to the Magistrate's determination that the Appeals Council properly considered the additional evidence submitted to it in support of Mr. Worrell's request for review.**

Mr. Worrell's disability comes from a lifelong reduced mental capacity.  There was a

mental capacity evaluation of Mr. Worrell done by Dr. Joseph Dunn and subsequent to the Administrative Law judge's ruling, there was another evaluation done on June 13, 2013, by psychologist Dr. Linda Wilbourne.  The Administrative Law Judge's ruling was made on April 3, 2013.  The challenge made in this objection is that the Appeals Council did not properly consider the additional evidence of the subsequent evaluation by Dr. Wilbourne furnished to the Appeals Council after the ALJ's ruling was appealed.  The full scale, verbal intelligence and performance intelligence IQ scores were somewhat less in Dr. Wilbourne's evaluation than they were in the evaluation of Dr. Dunn.  The appeals Council stated in its ruling as follows:

> We also looked at the psychological evaluation dated June 17, 2013, from L. Wilbourne, Ph.D. The Administrative Law Judge decided the case on April 3, 2013.  This new information is about a later time.  Therefore, it does not reflect the decision about whether you were disabled beginning on or before April 3, 2013.  This evidence does not establish any significant change in your condition or further restrict you in your ability to function.  Accordingly, the weight of the evidence currently of record does not change the Administrative Law Judge's findings or conclusions.

Claimants are permitted to submit new evidence to the Appeals Council, and such evidence may justify remand if it is material.  Evidence is material if it relates to the time period for which the disability benefits were denied and there is a reasonable probability that it would have changed the outcome of the disability determination.  *Castillo v. Barnhart*, 325 F.3d. 550, 551-52 (5th Cir. 2003).  It is apparent that the Appeals Council considered Dr. Wilbourne's report based on its statement, "this evidence does not establish any significant change in your condition or further restrictions in your ability to function.  Accordingly, the weight of the evidence currently of record does not change the Administrative Law Judge's findings or conclusions."  Even though the evaluation by Dr. Wilbourne took place after the ruling of the Administrative

Law Judge and covered a different time period, the Appeals Council considered it and found that the ALJ's decision was supported by substantial evidence. It is clear that the reports of Drs. Dunn and Wilbourne are in some conflict as to the final numbers but this was at best competing evidence. The ALJ had the opportunity to hear the testimony and there was a significant amount of other evidence found by the ALJ to establish that Worrell was not disabled. Although the Appeals Council found that the consideration of the evidence was improper because of the timing of the test it, nevertheless, considered it and found it to be insufficient to go back to the relevant time period and suggested that Mr. Worrell should apply again if his position is that his condition worsened. This Court finds that the proper procedures were used and that the analysis by Judge Parker is correct and that there is no error as set forth in Objection No. 1. One other note is that Dr. Wilbourne's evaluation found other disorders, including anxiety disorder, depressive disorder, possible ADHD disorder and personality disorder. These findings were significantly contradicted by the testimony and other evidence establishing the level of function of Mr. Worrell for over thirty years and the skills that he developed during that time.

**OBJECTION NO. II:**

**Mr. Worrell respectfully objects to the Magistrate's determination that the ALJ and the Appeals Council did not err in failing to find Mr. Worrell disabled pursuant to Listing 12.05B, 12.05 C, and/or 12.05 D.**

The position of Claimant is that the evidence is insufficient to establish that Mr. Worrell was not disabled pursuant to the listing of 12.05 B, C, and D. It is apparent that there was a significant amount of testimony and other evidence heard by the Administrative Law Judge. The expert report, psychologist report, work history, claimant's testimony, etc., were all considered.

A significant amount of prior work history was placed in the record. Claimant claims that the work history is not as significant as found by the ALJ. However, this Court's obligation is not to reweigh the evidence, but to determine if there was substantial evidence to support the Commissioner's finding of no disability. This Court has looked at the evidence, including the prior thirty year work history of Claimant, and finds that substantial evidence supporting the findings of the Administrative Law Judge and the Appeals Council is present and this court is not authorized to go any further once it finds that substantial evidence supports the finding. Therefore, this Court finds that Objection II is not well taken.

**OBJECTION NO. III:**

**Mr. Worrell respectfully objects to the Magistrate's determination that the ALJ properly assessed Mr. Worrell's residual functional capacity and, consequently, properly found him capable of returning to his past work as a construction worker and janitor.**

Plaintiff claims that the residual functional capacity determination of the ALJ is incorrect. Mr. Worrell had a significant work history at many jobs. He was fifty-two years of age and the job of the Administrative Law Judge was to weigh all of the evidence. This Court cannot say that there is not substantial evidence supporting the Administrative Law Judge's decision and, therefore, finds that Objection No. III is not well taken.

## V.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Worrell's Objections lack merit and should be

overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Victor L. Worrell's appeal be denied and the Commissioner's Motion to Affirm [10] be granted and the denial of benefits affirmed.

SO ORDERED this, the 20th day of February, 2015.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE